UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY D. ELLIS, | Case No. 1:07-cv-910 |
| Plaintiff, | HONORABLE PAUL MALONEY |
| v. | |
| MARILYN A. KAYE-KIBBEY, | |
| Defendant. | |

**ORDER**
**Dismissing the Complaint Without Prejudice;**
**Authorizing Plaintiff to Amend Complaint to Add Sufficient Jurisdictional Allegations**

For the reasons that follow, the court determines that plaintiff Rodney D. Ellis ("Ellis") has not satisfied his burden of pleading facts sufficient to establish federal jurisdiction, and the complaint will accordingly be dismissed without prejudice, with leave to amend within a specified time to correct the deficiency.

The United States Supreme Court and our Circuit recently reaffirmed a district court's right and obligation to independently examine whether it has jurisdiction, without a motion or request from a party:

> The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), *may be raised* by a party, or *by a court on its own initiative*, *at any stage of the litigation*. ... Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall dismiss the action."

*American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 539 (6th Cir. 2007) (footnote omitted) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004))), *pet. cert. filed on other grounds*, 76 U.S.L.W. 3305 (Nov. 27, 2007) (No. 07-721). *See,*

-1-

*e.g., Wagenknecht v. US*, 509 F.3d 729 (6th Cir. 2007) (Keith, Griffin, D.J. Van Tatenhove) (affirming district court's *sua sponte* dismissal without prejudice of certain claims for lack of subject-matter jurisdiction); *Probus v. Charter Communications, LLC*, 234 F. App'x 404, 405 (6th Cir. 2007) (plaintiff's failure to move to remand to state court did not preclude district court *sua sponte* examining whether federal jurisdiction existed) ("Because we find that the district court entertained jurisdiction of this case in the absence of complete diversity, we vacate the district court's judgment and remand the case to the district court so that it may resolve the issue of fraudulent joinder in order to determine whether there was complete diversity.").

Title 28 U.S.C. § 1331 provides that the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This court may exercise such federal-question jurisdiction only if the well-pleaded allegations of the complaint, not any potential defenses, arise under federal law – this is the so-called well-pleaded complaint rule. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (Batchelder, J., joined by Griffin, J., et al.) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

Ellis's one-count first amended complaint does not assert any cause of action even arguably arising under federal law. The sole count asserts a claim for breach of contract, which is a claim arising solely under state common law. *See* First Amended Complaint ("Comp.") ¶¶ 33-38.

There are two relevant exceptions to the well-pleaded complaint rule of federal-question jurisdiction. One exception provides that federal-question jurisdiction exists "'when a federal statute wholly displaces the state-law cause of action through complete preemption.'" *Mikulski*, 501 F.3d at 560 (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8). Another exception provides that federal-question jurisdiction exists "'where the vindication of a right under state law necessarily turns on construction of federal law.'" *Mikulski*, 501 F.3d at 560 (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*,

463 U.S. 1, 9 (1983)). Neither the complete-preemption exception nor the substantial-federal-question exception to the well-pleaded complaint rule appears to apply here.[1]

In short, it appears that this court does not have federal-question jurisdiction. Absent federal-question jurisdiction, this court cannot proceed to the merits of the case unless it has diversity jurisdiction. As the plaintiff, Ellis has the burden of establishing diversity jurisdiction. *See McNutt v. GMAC of Indiana*, 298 U.S. 178, 189 (1936); *Certain Interested Underwriters at Lloyd's London v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing, *inter alia*, FED. R. CIV. P. 8(a) and *Ohio Nat'l Life Ins. Co. v. US*, 922 F.2d 320, 326 (6th Cir. 1990)).

Title 28 U.S.C. § 1332 authorizes district courts to exercise diversity jurisdiction only when there is *complete* diversity of citizenship. *Probus v. Charter Communications, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Complete diversity exists only when no plaintiff and no defendant are citizens of the same state. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)).

Ellis's complaint asserts that "[t]his court has subject matter jurisdiction . . . as there is complete diversity of citizenship . . . .", Comp. ¶ 4, but the complaint fails to allege specific facts that might substantiate this assertion. Ellis's complaint alleges only that he resides in Michigan and that defendant Kaye resides in Florida, *see* Comp. ¶¶ 1-2.

---

[1] There is a third exception to the well-pleaded-complaint rule of federal-question jurisdiction, but it applies only in the removal context. Under the artful-pleading doctrine, "plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" *Mikulski*, 501 F.3d at 560 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)). Ellis originally filed this case in this court; it was not removed here from state court.

"For purposes of diversity jurisdiction, residency does not necessarily prove citizenship."[2] *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 676 n. 1 (W.D. Mich. 2007) (Maloney, J.) (citing *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002)). For this purpose, state citizenship is not a matter of residency but of domicile. *Nat'l City Bank v. Aronson*, 474 F. Supp.2d 925, 931 (S.D. Ohio 2007) (citing, *inter alia*, *Gilbert v. David*, 235 U.S. 561 (1915)); *see, e.g., Wolf*, 519 F. Supp.2d at 676 n. 1 (quoting *Deasy*, 47 F. App'x at 728 ("'To establish the citizenship required for diversity jurisdiction, Deasy must show more than mere Tennessee residence. He must show that Tennessee is his domicile. To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.'") (citations omitted)).

On the present record, then, the court cannot rule out the possibility that Ellis and Kaye are citizens of the same state, and the court cannot simply assume that they are not. *See Tsesmelys v. Dublin Truck Leasing Corp.*, 78 F.R.D. 181, 182 (E.D. Tenn. 1976) ("[A]llegations of the citizenships of the parties . . . is of the essence of jurisdiction and, being so essential, their absence can neither be overlooked nor supplied by inference.") (citations omitted).

Therefore, Ellis has not carried its burden of establishing the existence of federal jurisdiction, and the case is properly dismissed until and unless he corrects that defect. *See Cooper v. Cianfrocca*, 2001 WL 640808 (S.D.N.Y. 2001) ("The complaint is dismissed sua sponte for failure to allege facts

---

[2]

*See also Herrick v. Liberty League Int'l*, – F. Supp.2d –, 2008 WL 2230702, *7 n.6 (S.D. Ohio May 28, 2008) ("[R]esidency does not equal citizenship.") (citations omitted);

*see, e.g., Kuntz v. City of Dayton*, No. 95-3938, 99 F.3d 1139, 1996 WL 607148 (6th Cir. 1996) (per curiam) (Jones, Ryan, & Moore, JJ.) (noting, "The district court dismissed the suit for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), reasoning that Kuntz had failed to allege diversity as he did not allege *citizenship* in a state other than Ohio, but merely *residency* in the state of New York.") (emphasis added).

sufficient to establish subject matter jurisdiction. 28 U.S.C. § 1332 requires that the parties be of diverse citizenship, not residence. Plaintiffs may file an amended complaint sufficiently alleging jurisdiction . . . on or before . . . ."); *accord Royal Ins. Co. of America v. Caleb V. Smith & Sons, Inc.*, 929 F. Supp. 606, 608 (D. Conn. 1996) ("Allegations of complete diversity must be apparent from the pleadings.") (citing FED. R. CIV. P. 8(a)(1) and *John Birch Society v. NBC*, 377 F.2d 194, 197-99 (2d Cir. 1967)).[3]

This action is **DISMISSED without prejudice for lack of subject-matter jurisdiction.**[4]

---

[3]

*See also Levering & Garrigues Co. v. Morrin*, 61 F.2d 115, 121 (2d Cir. 1932) (where plaintiff adequately alleged citizenship of individual defendants but not citizenship of defendant labor unions, the Court of Appeals reversed the grant of an injunction and remanded to the district court "with directions to dismiss the complaint without prejudice, for lack of jurisdiction, unless the plaintiffs shall amend to correct the jurisdictional defect."), *aff'd o.g.*, 289 U.S. 103 (1933);

*Carnegie, Phipps & Co. v. Hulbert*, 53 F. 10, 11 (8th Cir. 1892) (where complaint failed to allege citizenship of members of unincorporated-partnership, Court of Appeals reversed judgment in favor of defendants "for want of jurisdiction" and remanded case to district court "with directions to that court to dismiss it unless the plaintiff shall amend its complaint to show jurisdiction").

[4]

*Accord Century 21 Real Estate, LLC v. San Vicente Real Estate Servs., Inc.*, 2007 WL 2317093, *1 (S.D. Cal. 2007) ("Because the complaint does not allege any facts necessary to establish complete diversity as required by 28 U.S.C. § 1332, it is dismissed for lack of subject matter jurisdiction. Plaintiff may amend the complaint by sufficiently alleging the citizenship of each of its members.") (citing 28 U.S.C. § 1653);

*Joaquin v. GEICO Gen. Ins. Co.*, 2007 WL 1821403, *1 (N.D. Cal. 2007) ("Joaquin fails to adequately allege the citizenship of GEICO. * * * Accordingly, the instant action is hereby dismissed for lack of subject-matter jurisdiction, with leave to amend.");

*Leica Microsys., Inc. v. Potter*, 2007 WL 1188199, *1 (D. Ariz. 2007) ("The jurisdictional allegations regarding [three defendants] are inadequate as well since the Complaint only states the residency of each Defendant. * * * Plaintiff's Complaint. .. is dismissed for lack of subject matter jurisdiction, and the Plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than . . . .  The Plaintiff's failure to timely comply with this order shall result in dismissal of this action without further notice.");

*Quimby v. Dutch Mining LLC*, 2006 WL 977752 (D. Or. 2006) (dismissing complaint without prejudice for lack of subject-matter jurisdiction and giving plaintiff ten days to amend);

*Hall v. American Ctr.*, 199387201 (E.D. Pa. May 10, 1999) ("The complaint . . . is dismissed for

Plaintiff **MAY FILE** a second amended complaint that alleges facts sufficient to support federal jurisdiction, if at all, no later than Friday, August 8, 2008.

This does **NOT** constitute leave to amend the complaint in any other respect; such leave must be sought in the usual fashion.

Defendant's motion to dismiss the first amended complaint (or in the alternative for summary judgment) [document #31] is **DENIED without prejudice as moot.** *See Edwards & Assocs., Inc. v. Atlas-Telecom Servs. USA, Inc.*, 2007 WL 30256, *8 (N.D. Tex. Jan. 4, 2007) ("[T]he plaintiff shall amend its petition to properly allege . . . the state(s) of citizenship of the corporate parties, and the basis for subject-matter jurisdiction. * * * All pending Rule 12 motions to dismiss are denied as moot. The defendants shall have leave, however, to reassert their motions . . . .").[5]

This is a final and appealable order.

**IT IS SO ORDERED this 1st day of July 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
United States District Judge

---

want of subject matter jurisdiction. If Hall is able to demonstrate that the court has jurisdiction over her claim, she may file an amended complaint.");

*Multi-M Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992) ("It may be possible for plaintiff to correct the deficiencies noted in its allegation of diversity jurisdiction. * * * The complaint is dismissed sua sponte. Plaintiff is granted leave to file an amended complaint on or before . . . .").

[5] *Accord Wexco, Inc. v. IMC, Inc.*, 820 F. Supp. 194, 205 (M.D. Pa. 1993) ("No later than . . . , Plaintiffs shall amend their complaint to assert jurisdiction under diversity of citizenship. * * * *Once the amended complaint has been filed, Defendants are free to submit any appropriate motions* under the schedules outlined in the Federal and Middle District Rules.") (emphasis added).